<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| D.V., | Civil Action No. 24-7928 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

     This matter comes before the Court on the appeal by Plaintiff D.V. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

     In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 1, 2020. A hearing was held before ALJ Matthew Levin (the "ALJ") on October 12, 2023, and the ALJ issued an unfavorable decision on November 17, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 17, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional limitations. At step four, the ALJ also found that Plaintiff is able to perform her past relevant work as an office manager and bookkeeper. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments about the residual functional capacity ("RFC") determination at step four: 1) the ALJ erred by failing to take into account Plaintiff's need for a home health aide; and 2) the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff first argues that the ALJ erred by failing to "account" for Plaintiff's need for a home health aide. At the outset, the Court observes that Plaintiff has not made any legal argument demonstrating that the ALJ erred by not giving this evidence more weight. Plaintiff concedes that the ALJ noted her use of a health aide in the decision. (Tr. 14.) This Court declines to assemble a legal argument on this point for Plaintiff. It appears that Plaintiff asks this Court to re-weigh the evidence, which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In

2

the instant case, Plaintiff asks this Court to review the step four determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Plaintiff has done no more here than offer attorney argument that this Court should re-weigh the evidence related to the home health aide and substitute its findings for the Commissioner's. This cannot succeed.

Similarly, Plaintiff's second argument consists entirely of Plaintiff pointing to pieces of evidence of record and arguing that they should have received greater weight. Again, this Court is not authorized under § 405(g) to reweigh the evidence *de novo*. Instead, judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence. Here, Plaintiff appeals the determination that her ability to walk is sufficient to allow her to perform light work. The ALJ explained that this determination was based on notes from physical examinations in 2022 and 2023 that documented normal gait. (Tr. 15.) The record shows that Dr. Neyman conducted a physical examination on December 19, 2022 and found "normal gait." (Tr. 798.) Dr. Avramov conducted a physical examination on January 3, 2023 and found "casual gait is normal." (Tr. 844.) Dr. Shah conducted a physical examination on May 23, 2023 and found normal range of motion in the musculoskeletal system and back. (Tr. 873.) Plaintiff has not pointed to anything in the notes from these three visits that supports a finding of impaired ambulation.

Plaintiff points to the evidence of slow ambulation from the consultative evaluation in February of 2022, as well as various medical records from 2021 and earlier. The ALJ relied on

3

the results of physical examinations which occurred later in time (12/22 – 5/23) and found no problems with ambulation or gait.  The ALJ's determination that Plaintiff's ability to walk is sufficient to perform light work is supported by substantial evidence.

  Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                s/ Stanley R. Chesler
                STANLEY R. CHESLER, U.S.D.J.

Dated: July 10, 2025

4